**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

-vs-            Case # 5:18cr38-001

MARLON CARABANTES-LOPEZ

           USM # 26181-017.

           Defendant's Attorney:
           Timothy Halstrom (AFPD)
           227 N. Bronough Street, Suite 4200
           Tallahassee, Florida 32301

_____

**JUDGMENT IN A CRIMINAL CASE**

The defendant pleaded guilty to count 1 of the indictment on December 14, 2018. Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Unlawful Reentry by a Previously Deported Alien | August 13, 2018 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

           Date of Imposition of Sentence:
           December 14, 2018

           s/Robert L. Hinkle
           United States District Judge
           December 14, 2018

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **6 months**.

**No term of supervised release is imposed.**

The court recommends to the Bureau of Prisons:

**The defendant should receive appropriate credit for time in custody prior to the date of sentencing based on these facts**:

1. The defendant was arrested on a state charge of domestic battery on July 28, 2018. He was held in state custody until August 31, 2018, but he received pretrial diversion and so was not sentenced. The time in state custody apparently was not credited on any sentence.

2. The defendant was held on an Immigration and Customs Enforcement detainer or in ICE custody until October 17, 2018.

3. The United States Marshals Service took custody of the defendant on October 17, 2018 on a writ of habeas corpus ad prosequendum for purposes of this federal unlawful-reentry case.

4. He has remained in USMS custody since October 17, 2018.

The defendant is remanded to the custody of the United States Marshal.

## **RETURN**

I have executed this judgment as follows:
_____

_____


Defendant delivered on _____ to _____

at _____, with a certified copy of this

judgment.

                                           _____
                                           UNITED STATES MARSHAL


                                           By:_____
                                                   Deputy United States Marshal

Case No. 5:18cr38-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| ASSESSMENT | JVTA* ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| $100.00 | -0- | -0- | -0- |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.